CHIEE JUSTICE PETERS
delivered the opinion of the court:
The writing relied upon as the foundation of the action, and filed with the petition, shows that appellee contracted to pay the president, directors, and company of the Dan-ville, Dix River, and Lancaster Turnpike Road Company, and not to plaintiffs. It is an express contract to pay for two shares of stock in a company incorporated by an act of the Legislature of Kentucky, clothed with the power to sue, implead, and such powers as are usually granted to corporations created for like purposes, as appears in the petition.
Such being the contract and undertaking of appellee, said company alone would have a right to sue and prose *71 cute an action for the enforcement of said contract, unless it had in some lawful way parted with that right; or, in other words, in order to enable the plaintiffs in the action to maintain the action in their own name, it is incumbent on them to allege that said party with whom appellee contracted has transferred the benefit of said contract to plaintiffs, which is not even alleged.
And, even if it was, a copy of a judgment was introduced as evidence on the trial, without objection to its competency or relevancy, from which it appears that it has been adjudged that appellee shall be released from the payment of his subscription to the capital stock of said company.
Besides, the effort here is to make the appellee pay his subscription to make a turnpike road, under an act of the Legislature incorporating the same, to make one not incorporated, and perhaps in a different direction from the one incorporated, and without any of the benefits and privileges secured to the stockholders of the incorporated road.
Wherefore, the judgment is affirmed.